UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**MARVIN D. AUBREY**                                                                                          **PLAINTIFF**

**v.**                                                                      **CIVIL ACTION NO. 4:22-CV-P135-JHM**

**CASSIE THOMPSON** *et al.*                                                                      **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Marvin D. Aubrey filed this *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court upon initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth herein, the Court will dismiss the action.

### I.

Plaintiff is incarcerated as a pretrial detainee at Daviess County Detention Center (DCDC). He sues Nurse Cassie Thompson, Nurse Nicki Fentress, Nurse Jenny Phillips, and Dr. Tamberly McCoy, who he indicates work at DCDC and are employed by Southern Health Partners (SHP). Plaintiff sues these Defendants in both their official and individual capacities. He also sues Daviess County and SHP.

Plaintiff makes the following allegations in the complaint:

On 05/02/2022 at 3:17 p.m. I was checked for scabies along with other inmates in Cell 110 that had a rash consistent with a scabies infections. We were all seen by Nurse Jenny Phillips and Cassie Thompson, they gave the ones that had scabies Permethrin Cream 5% W/W and instructed us to thoroughly massage the Permethrin Cream into our skin from the top of our head to the soles of our feet, keep the Permethrin Cream on for 12 hours and after 12 hours they would come back, have us take a shower, and then have us change our bed linens, send out our jumpsuits and personal clothing to be cleaned. After 12 hours the guards came back, we took a shower but then was told to change only our bed linens, we asked the guard about our jumpsuits and personal clothing but we were told that he was only to do bed linens. On 05/06/2022 we had to do the treatment all over again due the guard not following the nurses orders or proper procedure. On 05/09/2022 we were still waiting for our personal clothing and anything else we sent out to be replaced but we never got new clothing and whenever we asked one of the nurses

about it she said that she would look into it but yet we never heard anything else about it.

On 05/15/2022 we were put back in isolation because an inmate . . . was brought into the cell and starting getting a rash on his arms. On 05/16/2022 we were all checked again for scabies . . . . On 5/17/2022 Doctor Tamberly McCoy finally decided to treat the entire cell instead of treating only the ones who had scabies.

I believe the 8th Amendment of my constitutional rights were violated because an inmate . . . was placed in cell 110 . . . with myself and other inmates. [He] had scabies and they repeatedly denied him treatment. This was addressed with medical staff, by to no aveil did they do anything about the situation. They mishandled the situation three times, and caused myself and other inmates to get infected three times.

After 2 times treating only the 13 inmates that were infected that were known instead of treating everyone in the cell put the rest of us at risk of getting it until the third time they finally treated the entire cell which we asked to be done the first two times and were denied by staff at SHP and DCDC both times they never changed the linens or did our infected laundry like we were told was going to be done until the third time we were put on isolation which due to all of this I feel my health and body were put at risk of harm or harmful conditions.

As relief, Plaintiff seeks damages and release on parole.

**II.**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Defendants Daviess County and SHP and Official-Capacity Claims

Plaintiff sues Daviess County. A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation. *Id*. To state a claim against a municipality, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

The same analysis that applies to § 1983 claims against a municipality, such as Daviess County, applies to § 1983 claims against a private entity contracted to provide medical services to inmates, such as SHP. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978)) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). Moreover, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell*, 436 U.S. at 691 n.55). Thus, Plaintiff's official-capacity claims against Defendants Phillips, Fentress, Thompson, and McCoy are actually brought against their employer, SHP.

In the instant case, Plaintiff does not allege that he was denied adequate medical treatment pursuant to a policy or custom of either Daviess County or SHP. Accordingly, Plaintiff's claims

4

against Daviess County and SHP and his official-capacity claims against Defendants Phillips, Fentress, Thompson, and McCoy must be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

#### 1. Defendants Phillips, Thompson, and McCoy

While Plaintiff alleges violation of the Eighth Amendment, because Plaintiff is a pretrial detainee, his claims fall under the Fourteenth Amendment. *See Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). Therefore, his claims under the Eighth Amendment must be dismissed for failure to state a claim.

With regard to his claims under the Fourteenth Amendment, the standard for inadequate-medical-care claims brought by pretrial detainees has been in flux in the Sixth Circuit.[1] In *Greene v. Crawford Cnty.*, 22 F.4th 593 (6th Cir. 2022), the Sixth Circuit clarified the standard as follows:

> *Brawner* modified the second prong of the deliberate indifference test applied to pretrial detainees to require only recklessness: "A pretrial detainee must prove 'more than negligence but less than subjective intent—something akin to reckless disregard.'" *Brawner*, 14 F.4th at 597 (6th Cir. 2021) (quoting *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)). In other words, a plaintiff must prove that the defendant acted "deliberately (not accidentally), [and]

---

[1] An Eighth Amendment claim for deliberate indifference to serious medical needs has both an objective and a subjective component. *Id*. at 937-38. To meet the objective component, the plaintiff must show that the medical need is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To meet the subjective component, the plaintiff must show that "an official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Id*. at 837. The plaintiff must demonstrate that the official was aware of facts from which an inference of substantial risk of serious harm to inmate health or safety could be drawn and that the official actually drew the inference. *Id*. The Due Process Clause of the Fourteenth Amendment "forbids holding pretrial detainees in conditions that 'amount to punishment.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 405 (2015) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Therefore, when a pretrial detainee asserts a claim of denial of medical treatment, the claim is analyzed under the Fourteenth Amendment. *Griffith v. Franklin Cnty.*, 975 F.3d 554, 566-67 (6th Cir. 2020) (citing *Winkler v. Madison Cnty.*, 893 F.3d 877, 890 (6th Cir. 2018)). "The Sixth Circuit has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Richmond*, 885 F.3d at 937 (quoting *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)). In *Kingsley v. Hendrickson*, however, the Supreme Court analyzed the standard applied to an excessive-force claim brought by a pretrial detainee and eliminated the subjective prong of the deliberate indifference standard for such a claim. 576 U.S. at 397-400. In *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021), the Sixth Circuit held that "*Kingsley* requires modification of the subjective prong of the deliberate-indifference test for pretrial detainees" in the context of a claim of deliberate indifference to serious medical needs.

> also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.* (citation and quotation marks omitted).

*Id.* at 605-06. More recently, the Sixth Circuit decided *Trozzi v. Lake Cnty.*, 29 F.4th 745 (6th Cir. 2022), which articulated the modified standard as follows:

> [A] plaintiff must satisfy three elements: (1) the plaintiff had an objectively serious medical need; (2) a reasonable officer at the scene (knowing what the particular jail official knew at the time of the incident) would have understood that the detainee's medical needs subjected the detainee to an excessive risk of harm; and (3) the prison official knew that his failure to respond would pose a serious risk to the pretrial detainee and ignored that risk.

*Id.* at 757. Importantly, this standard still "ensur[es] that there is a sufficiently culpable mental state to satisfy the []high bar[] for constitutional torts grounded in a substantive due process violation." *Id.* at 758. A showing of "mere negligence is insufficient." *Id.* at 753 (citing *Brawner*, 14 F.4th at 596).

For purposes of this initial review, the Court will presume that Plaintiff's alleged scabies infection constitutes an objectively serious medical need under the above standard. However, based upon Plaintiff's allegations, the Court concludes that Defendants Phillips, Thompson, and McCoy cannot be said to have acted with reckless disregard to Plaintiff's serious medical needs. Plaintiff specifically alleges that Defendants Phillips and Thompson provided him with prescription cream for his scabies condition and directed that the clothes, linen, and laundry of the infected inmates' cell be specially cleaned. Moreover, Plaintiff's only allegation against Defendant McCoy is that she determined that the entire cell should be treated for scabies. Finally, Plaintiff indicates that multiple attempts were made to treat the scabies outbreak. Thus, even if these Defendants' actions could be considered negligent, Plaintiff has not alleged that they deliberately and recklessly disregarded his ostensibly serious medical need. Consequently, Plaintiff's claims against Defendants Phillips, Thompson, and McCoy in their individual capacities must be dismissed for failure to state a claim upon which relief may be granted.

### 2. Defendant Fentress

As to Defendant Fentress, Plaintiff's individual-capacity claim against her is subject to dismissal because he makes no allegations against her. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

### IV.

The Court will enter a separate Order dismissing this action for the reasons stated herein.

Date: January 20, 2023

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Daviess County Attorney
4414.011